JOHN MACHA v. THE STATE.

No. 13798. Delivered February 18, 1931.

The opinion states the case.

*James A. Harrison,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Under a search warrant the appellant's dwelling-house was searched on the 6th day of December, 1929, and the officers found therein two gallons of whisky, a number of empty pint flasks, an empty five-gallon jug and four empty gallon jugs. The whisky was found in a room occupied by the mother of the appellant who, according to the officers, was blind an paralyzed. She was lying on the bed and the whisky was under it. The officer said that he did not believe that the appellant's wife was there at the time.

Two witnesses testified that they had bought whisky from the appellant. One of them claimed that he had bought two pints on credit but afterwards paid the appellant for them. The witness said that he was under indictment for transporting the two pints of whisky which he had purchased from the appellant.

Appellant testified in his own behalf and denied both of the transactions. He also testfied that his mother was 78 years of age, blind and paralyzed; that his wife, at the time of the trial, was in a hospital, having undergone an operation for cancer which rendered it impossible for her to attend court. The appellant introduced testimony showing that his reputation as a law-abiding citizen was good. This was not controverted.

Appellant sought to continue the case because of the absence of his wife, asserting that she would testify to the same facts controverting the testimony of the State's witnesses touching the sale of any whisky by the appellant; that she would also testify to her sickness and to that of the appellant's mother; that she would corroborate the testimony of the appellant to the effect that Doctor Lancaster had prescribed the use of

whisky for each of the women. She would also testify that the appellant had never sold any whisky within her knowledge nor kept any liquor for sale. The application was the second one sought because of the absence of the appellant's wife. At the present trial she was not subpoenaed for the reason that she was detained in a hospital in New Orleans where she had undergone an operation for cancer.

While testifying in his own behalf the appellant sought to explain that the reason his wife was not present was because of her illness. Objection that this was immaterial was sustained. In view of the fact that the appellant defended upon the ground that he had the whisky found in his possession for the use of his wife and that she would give testimony supporting that theory, especially since he had made application for a continuance on account of her absence and there being no controversy that her absence was due to her serious illness, his right to explain her absence would seem to be a material right which should not have been denied him.

The complaint in bill of exception No. 4 of the refusal to sustain his motion to quash the affidavit for the search warrant shows no error.

In bill No. 5 it appears that the jury, after deliberating for some time, requested the court to inform them whether it would be permissible for them to give the appellant a suspended sentence if they found him guilty. The court instructed them in writing that they must look to the original charge and be governed by it. As a matter of fact, the appellant was more than twenty-five years of age and the suspended sentence was not available to him.

For the reason stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*